UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61249-CIV-DIMITROULEAS

JHON SARMIENTO, Individually and
on behalf of all others similarly situated,

    Plaintiff,

vs.

SCHEAR CONSTRUCTION, LLC, a
Florida Limited Liability Company,

    Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO CONDITIONALLY
CERTIFY COLLECTIVE ACTION AND FACILITATE NOTICE
TO POTENTIAL CLASS MEMBERS**

THIS CAUSE is before the Court upon Plaintiff's Unopposed Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members [DE 27] (the "Motion"). The Court has carefully considered the Motion, the exhibits attached to the Motion, including the proposed court authorized notice, that the Motion is unopposed, and is otherwise fully advised in the premises.

Section 216(b) of the FLSA provides that an action for unpaid overtime compensation may be maintained by "any one or more employees for and in behalf of [themselves] . . . and other employees similarly situated." 29 U.S.C. § 216(b). Courts in the Eleventh Circuit use of a two-tiered approach to certification in § 216(b) actions, with the first stage being the "notice stage". *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218–19 (11th Cir. 2001)). Because class actions brought under the FLSA can include only those plaintiffs who affirmatively opt into the action by filing their consent in writing with the Court, district courts have discretionary

power to authorize the sending of notice to potential class members in appropriate cases. *See Haynes v. Singer Co.*, 696 F.2d 884, 886 (11th Cir. 1983). At the notice stage a court may grant conditional certification and allow plaintiffs to send notice to similarly situated potential plaintiffs, "if a plaintiff demonstrates a reasonable basis to believe that: (1) there are other employees of the Defendant who desire to opt-in and (2) that these other employees are similarly situated with respect to their job requirements and with regard to their pay provisions." *Bennett v. Hayes Robertson Grp., Inc.*, 880 F. Supp. 2d 1270, 1283-83 (S.D. Fla. 2012) (internal quotations omitted). The standard and the notice stage is a lenient one. *Id.* at 1983. Where discovery has not been completed, a motion to conditionally certify a collective action under the FLSA and send out court authorized notice is typically granted. *Id.*

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Unopposed Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members [DE 27] is **GRANTED**.

1) The Court hereby conditionally certifies an FLSA collective action consisting of all hourly paid "laborers"[1] employed by Defendant Schear Construction, LLC who were paid "straight time" or their regular hourly rate for hours worked over forty (40) in one or more workweeks during the applicable three (3) year limitation period as opposed to the time and one-half overtime to which they are/were due under the FLSA;

2) Defendants shall provide Plaintiff on or before **June 3, 2020** with a list of all putative class members' names, addresses, phone numbers, and e-mail addresses to carry out notice;

---

[1] The term "laborer" is used here as it is used in the Motion and refers to all of Defendant's hourly-paid construction workers, regardless of their actual job title, who worked through Defendant's Puerto Rico division.

3) The time period for opting into this action will be sixty (60) days from the date Notice is sent via U.S. Mail and/or e-mail. In order to be timely, consent forms must be signed[2] by the putative class member who is opting-in, dated, and filed with the Court by the 60th day after notice is sent;

4) Plaintiff is permitted to send the Class Notice, [DE 27-1], via e-mail and text message to all workers within the defined class,[3] in addition to mailing same via first-class mail as the Court has found the proposed notice is appropriate; Plaintiff is also permitted to send the proposed "Consent to Join" form, [DE 27-2];

5) Within two (2) days of sending notice, Plaintiff's counsel shall file with the Court and serve on Defendant's counsel a certification as to the date on which notice was mailed and/or emailed to the individuals;

6) Within seven (7) days of receiving a signed opt-in consent form, Plaintiff's counsel shall provide a copy of said consent form to Defendant's counsel.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of May, 2021.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record

---

[2] Putative class members are permitted to electronically execute their consent forms.
[3] Notice should go to all individuals who were employed by Defendant during the three-year period preceding the Court's ruling on the instant Motion. Per the Parties' stipulation the claims of putative opt-in plaintiffs are tolled as of April 16, 2021.