**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

| | |
|---|---|
| JHON SARMIENTO, Individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) ) | |
| v. ) | Case No. 0:20-cv-61249-WPD |
| ) ) | |
| SCHEAR CONSTRUCTION, LLC, a Florida Limited Liability Company, ) ) ) | |
| Defendant. ) | |

### AMENDED STIPULATION[1] OF DISMISSAL *WITHOUT* PREJUDICE AND TOLLING AGREEMENT

**WHEREAS**, the Parties conducted mediation via Zoom meeting on November 18, 2021 with mediator Neil Flaxman; and

**WHEREAS**, the Parties have made no compromise of Plaintiffs claims, but have only agreed to a methodology of approaching voluntary settlement discussions; and

**WHEREAS**, the Parties have agreed that if a compromise is reached, they will work cooperatively to seek settlement approval pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982);

**WHEREAS**, the Parties have agreed that if a compromise is not reached, the Plaintiffs will re-initiate a lawsuit against Defendant, as set forth in this Stipulation;

---

[1] The Parties file this Amended Stipulation, adding Paragraph 21, in order to address the Court's concerns as expressed in its Order dated November 30, 2021 [D.E. 73].

**WHEREAS**, the Court denied the Parties' initial stipulation (Doc. 73) on the basis that it was a compromise that had not been reviewed for fairness; and

**WHEREAS**, the Parties have agreed to this Amended Stipulation to clarify that they have not yet reached a compromise to resolve an FLSA claim.

**ACCORDINGLY**, the Parties agree and stipulate to the following:

1. To dismiss the above-captioned case *without* prejudice on November 29, 2021, so that they can explore settlement, utilizing the procedures enumerated herein;
2. Defendant agrees that the dismissal will not count as a voluntary dismissal for purposes of the two-dismissal rule codified in Fed. R. Civ. Proc. 41;
3. The statute of limitations regarding FLSA claims for every Plaintiff/Opt-in Plaintiff who has submitted a consent to join in the above-referenced case to date shall be tolled indefinitely as of the date he or she filed his or her consent to join, until such time that the Parties agree in writing that the statute of limitations shall begin running again;
4. The Parties agree that in any re-filed case the Virgin Islands FLSA claims (i.e. the Rule 23 claims) shall relate back to and be deemed to have been filed on June 25, 2020;
5. To the extent settlement discussions do not result in a settlement, the Parties agree that Plaintiff will re-file the instant case, that Defendant will file its Answer within 10 days of the date the Complaint is re-filed, and that the Parties will seek an expedited discovery period of no more than 90 days to complete any outstanding discovery;
6. If/when the case is re-filed, the Parties agree they will note the re-filed case as being related to the above-captioned case and will request that the re-filed case be assigned/re-assigned to the same Judge;

7. Any discovery responses already served in the above-captioned case will have the same effect in any subsequently re-filed case as if they had been served in response to discovery requests made in the re-filed case;

8. Any discovery responses and document productions that remain outstanding and due to be served shall remain outstanding and due to be served in the re-filed case within 15 days following the Answer;

9. The Defendant will share information about the collective and putative class members subject to the mediation privilege as noted below within 10 days of this agreement.

    - The mediation privilege will not extend to documents that the parties agree would be subject to Plaintiff's discovery requests to which no objection was stated by Defendant.

    - The data produced related to the USVI class shall be subject to the mediation privilege unless and until at the conclusion of the stay period contemplated herein, the Plaintiff secures that data through the normal channels of discovery. The mediation privilege shall not make such information undiscoverable in the *Book v. Schear* matter, if that matter proceeds.

    - This production will include all time sheets and pay records in Defendant's possession/control for the USVI project for class/collective members.

    - Within 5 days of receipt of these documents, Plaintiff will inform Defendant of any deficiencies and Defendant will undertake a review of its records and produce any documents responsive to the deficiency notice which are within the above described categories;

10. The Plaintiff shall secure an expert to analyze the Defendant's records and data to create

a damages projection;

11. The Plaintiff shall provide a copy of this report to Defendant within 45 days of this agreement and the report shall be subject to the mediation privilege;

12. The Defendant shall then have the opportunity to secure an expert to create a responsive report and, if it elects to secure a responsive expert, shall provide that report to Plaintiff within 30 days of receiving the Plaintiff's expert report;

13. The Defendant's expert report shall also be subject to the mediation privilege;

14. Notwithstanding the above, either party can waive the privilege as to their own expert report without being in violation of the mediation privilege and/or this Stipulation. However, any such waiver shall not circumvent the mediation privilege as to the underlying information utilized by an expert to create the expert report;

15. The Parties shall then schedule a second day of mediation with mediator Neil Flaxman within 20 days after Defendant provides its report to Plaintiff, and if Defendant does not elect to retain an expert, no later than 50 days after it receives Plaintiff's report;

16. The Parties understand that Plaintiff's expert fees resulting from this agreement shall be taxable to Defendant as costs in any voluntary settlement or judgment in this matter, as applicable;

17. The Plaintiff agrees to cap his expert's fees resulting from this agreement at no greater than $15,000;

18. In exchange for the mutual promises, agreements and stipulations herein, the Parties agree that liquidated damages shall be equal to 85% of the damages calculated due under the Virgin Islands FLSA, or in the event that the case does not settle, 85% of the damages awarded pursuant to the Virgin Islands FLSA;

19. The Parties agree that Defendant's counsel may accept service of the Complaint filed in *Book v. Schear Construction, LLC*, and that shortly thereafter the Parties will jointly seek a stay of that case, until such time as the Parties have completed the procedures outlined herein; and

20. The deadlines laid out in this Stipulation may be extended by mutual written consent of the Parties.

21. To date, no settlement has been reached regarding the claims asserted in the case. However, if the Parties reach a negotiated settlement, they agree to promptly re-file the case, and to seek Court-approval of any settlement regarding FLSA and/or Rule 23 (Virgin Islands FLSA) claims.

STIPULATED AND AGREED TO ON THIS 30th day of November, 2021, by:

| | |
|---|---|
| By: */s/ Andrew R. Frisch* | By: */s/ Jesse I. Unruh* |
| **Andrew R. Frisch, Esq**. | **Jesse I. Unruh, Esq.** |
| **MORGAN & MORGAN, P.A.** | Florida Bar No. 93121 |
| 8151 Peters Road, Suite 4000 | */s/ Ashwin R. Trehan* |
| Plantation, FL 33324 | **Ashwin R. Trehan, Esq.** |
| Telephone: (954) WORKERS | Florida Bar No. 42675 |
| Facsimile: (954) 327-3013 | **SPIRE LAW, LLC** |
| Email: afrisch@forthepeople.com | ashwin@spirelawfirm.com |
| | jesse@spirelawfirm.com |
| *Attorneys for Plaintiff and the* | sarah@spirelawfirm.com |
| *Putative Collective and Class* | |
| | *Attorneys for Defendant* |