# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

| | |
|---|---|
| JHON SARMIENTO, Individually and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>SCHEAR CONSTRUCTION, LLC, a Florida Limited Liability Company, )<br><br>Defendant. ) | Case No. 0:20-cv-61249-WPD |

**NOTICE OF COLLECTIVE ACTION SETTLEMENT**

> **PLEASE READ THIS ENTIRE NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY THE PROPOSED SETTLEMENT DESCRIBED IN THIS NOTICE.**

> **TO:   All hourly-paid employees who worked for Schear Construction, LLC ("Defendant") in the Virgin Islands at any time from June 26, 2017 to April 14, 2022.**

On _____, 2022, the Court granted approval of a settlement as set forth in a Settlement and Release Agreement ("Settlement Agreement").

The Collective Representative and Collective Counsel (as defined below) believe the settlement is fair, adequate, and reasonable and in the best interest of the Collective.  This Notice informs you of the settlement and its terms and your rights to participate in the settlement.  This Notice also explains how you can obtain more information about the settlement.

**I.      SUMMARY OF THE LAWSUIT**

Plaintiff Jhon Sarmiento ("Plaintiff") and Defendant, Schear Construction, LLC ("Defendant") are parties to *Sarmiento v. Schear Construction, LLC,* Civil Action No.: 0:20-cv-61249-WPD (the "Lawsuit"), which is pending in the United States District Court for the Southern District of Florida (the "Court").   Plaintiff's allegations include that Defendant underpaid their hourly employees ("laborers") because they paid them "straight time" or their regular hourly rates for overtime hours worked, rather than time and one half premium pay. Plaintiff alleges that this practice violated the Fair Labor Standards Act (FLSA) and Virgin Islands Fair Labor Standards Act (Virgin Islands FLSA) by failing to pay drivers proper overtime premiums under the law.

**Error! Unknown document property name.**

Defendant has denied (and continues to deny) each and every allegation by Plaintiff and contend that Plaintiff and the members of the Collective were provided all compensation as required by law. The attorneys for the parties hereto have conducted substantial investigation in connection with this Lawsuit and have researched the legal and factual issues relating to the claims and defenses that are contained in the Lawsuit.

The parties reached an agreement after several rounds of settlement negotiations and mediations before a collective-action mediator.   The Court has approved the settlement agreement.

## II.      COLLECTIVE DEFINITION

The Lawsuit is being settled as a collective action.  In a collective action, the Plaintiff, also referred to as Collective Representative, sues on behalf of himself and other persons with similar claims.

The Court has certified a collective under the FLSA and approved the settlement.

The collective that the Court has conditionally certified, for settlement purposes only, under the FLSA (the "Collective"), is defined as follows:

> **All hourly-paid employees who worked for Schear Construction, LLC ("Defendant") in the Virgin Islands at any time from June 26, 2017 to [date Court grants approval of settlement].**

## III.     COLLECTIVE REPRESENTATIVE AND COLLECTIVE COUNSEL

The Court has appointed Plaintiff, Jhon Sarmiento, as Collective Representative to represent the Collective.  The Court has appointed the following attorneys to represent the Collective as Collective Counsel:

Andrew R. Frisch
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
(954)WORKERS      [954-967-5377]
afrisch@forthepeople.com

## IV.      SETTLEMENT AMOUNT

The proposed settlement obligates Defendant to pay up to a potential maximum settlement amount (referred to in the Settlement Agreement as the "Maximum Settlement Amount") of SEVEN HUNDRED THIRTY-NINE THOUSAND EIGHT HUNDRED TWENTY-FIVE DOLLARS AND NINETY-SEVEN CENTS ($739,825.97), $251,845.71 of which has been allocated to Class Counsel's fees and costs.  This maximum payment includes, but is not limited to: alleged unpaid overtime pay, any and all associated penalties, interest, costs,

**Error! Unknown document property name.**

and attorneys' fees. However, this amount does not include employer-side wage-related taxes or the cost of administering the settlement.

With the exception of the employer-side wage-related taxes and costs of administration, under no condition will Defendant's liability for payments exceed the Maximum Settlement Amount. All claims submitted by members of the Collective and all attorneys' fees, costs, and penalties, shall be paid out of the Settlement. The members of the Collective will be responsible for their own tax obligations.

## V.      SETTLEMENT ADMINISTRATOR

The settlement process will be administered by RUST CONSULTING, an experienced collective action claims administrator.

## VI.      THE CLAIMS PROCESS

Enclosed with this Notice you will find a Claim Form. If you want to be eligible to receive a payment as part of this settlement, you must submit a Claim Form. **If you do not properly complete and return the Claim Form in a timely manner, you will not receive any payment under the settlement.**

**THE CLAIM FORM MUST BE COMPLETED, SIGNED UNDER PENALTY OF PERJURY, AND RETURNED TO COLLECTIVE COUNSEL BY MAIL, FAX, OR EMAIL AT THE ADDRESSES/NUMBER SET FORTH BELOW WITHIN 45 DAYS OF THE DATE THAT THIS NOTICE AND THE CLAIM FORM WERE MAILED TO YOU. THEREFORE, FOR YOUR CLAIM TO BE CONSIDERED TIMELY, YOUR CLAIM FORM MUST BE POSTMARKED OR RECEIVED NO LATER THAN 45 days after mailing date. CLAIMS POSTMARKED OR RECEIVED AFTER THAT DATE WILL BE DEEMED UNTIMELY AND YOU WILL NOT RECEIVE YOUR SETTLEMENT SHARE AND WILL NOT BE BOUND BY THE SETTLEMENT.**

Claim Forms must be mailed, faxed, or emailed to:

RUST CONSULTING
[address]
[phone]
[fax]
[email]

Please follow the directions on the enclosed Claim Form and Release carefully. If you require claims administration assistance, please contact the collective administrator above. As used in this Notice and the Settlement Agreement, a member of the Collective who submits a valid, timely claim, and executes the enclosed Claim Form and Release, will opt-in to the Lawsuit and be referred to as an "Opt-In Plaintiff." Participation in this settlement will not affect your employment status with Schear Construction, LLC and the law protects individuals who participate in these settlements from retaliation.

3

## VII.   RELEASE AND WAIVER

If you execute and return the enclosed Claim Form and Release, you shall be bound by the following release:

> Except for the obligations imposed by this Settlement, all Collective members who opt-in to this Settlement shall release and forever discharge Schear Construction, LLC, and each of their former and present predecessors, successors, parents, subsidiaries, franchisors, insurers, and affiliates, whatever their current or former legal names or legal entity status, and each of their respective current and former owners, officers, directors, employees, partners, shareholders, and agents, and any other successors, assigns, or legal representatives ("Released Parties"), from any and all claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising on or before the date for the Court grants preliminary approval ("Release Period"), including claims arising out of, based on, or encompassed by facts asserted in the action, arising under the FLSA, Virgin Islands FLSA, or any similar federal, state, municipal, or local laws, such as mileage reimbursement claims; minimum wage claims; and overtime claims.  Without limiting the generality of the foregoing, the claim preclusion effect of this Settlement, and the judgment thereon, for res judicata purposes shall be co-extensive with this release of claims (collectively, the "Released Claims").

## VIII.   ATTORNEYS' FEES AND COSTS/CLAIMS ADMINISTRATION COSTS

It is customary for courts to award to collective counsel attorneys' fees based upon a percentage of the potential maximum settlement amount for the benefit of a collective.  In this case, Collective Counsel has requested an award of up to thirty-three percent (33.33%), $249,945.32, of the Maximum Settlement Amount for attorneys' fees (the "Attorney Fee Award").

## IX.   CLAIMS ADMINISTRATION AND MEDIATION COSTS

All costs incurred by the Parties in administering the Settlement ("Claims Administration Costs") shall be paid by Defendant in addition Maximum Settlement Amount.

## X.   CALCULATION OF PAYMENTS

The total amount of the "Potential Settlement Payments" available for distribution to the Collective shall equal the Maximum Settlement Amount minus the total of (i) the Attorney Fee Award, and (ii) reimbursement of the Attorney's costs ("Net Settlement Amount").

The amount available for distribution to each member of the Collective shall be calculated as follows:

1.    Potential Settlement Payments:  Each Settlement Collective Member's "Potential Settlement Payment" will be calculated in the following manner:

a. For each Settlement Collective Member, the total number of recorded overtime hours, as reflected in Defendant's records, multiplied by half the regular hourly rate for such Collective Member, as reflected by Defendant's records; and as

b. Offset by the number of non-compensable travel time hours reflected as paid hours in Defendant's records, as modified by the answers provided on the claim form, if appropriate.

2. <u>Claimed Settlement Amounts; Unclaimed Amounts</u>:  The total Potential Settlement Payments claimed by Settlement Collective Members shall be the "Claimed Settlement Amount."  If each and every member of the Collective is an Opt-In Plaintiff, then the Claimed Settlement Amount shall equal the "Net Settlement Amount."  **Any member of the Collective who does not become an Opt-In Plaintiff shall not receive any Potential Settlement Payment.**  Any portion of the Maximum Settlement Amount available for Potential Settlement Payments that is not distributed to the Collective shall be retained by Defendant.

4. <u>Taxes</u>: Authorized Claimants who receive their Potential Settlement Payment will be responsible for reporting and paying any federal, state and/or local taxes, normally borne by an employee, that may be due on these payments, if any.  You should consult with your own tax advisor regarding your unique tax situation upon receipt of the funds. Defendant shall be responsible for paying any federal, state and/or local taxes, normally borne by an employer.

5. <u>Payment of Settlement Funds Will Not Be Considered By Defendant As Having Any Effect on Any Employee Benefit Plan and Similar Plans</u>:  The payment to any member of the Collective as provided for in this Settlement shall not be considered by Defendants to form the basis for additional contributions to, additional benefits under, or any other additional entitlements under any employee benefit plan, employment policy, or stock option plan of or sponsored by Defendant or any of its present or former parent corporations or affiliates or any jointly trusteed benefit plans.

## XI.    ADDITIONAL INFORMATION

For more detailed information concerning the matters involved in the Lawsuit, please refer to the pleadings, the Orders entered in the Lawsuit, and to the other papers filed in the Lawsuit, which may be inspected at the Office of the Clerk of the U.S. District Court for the Southern District of Georgia during regular business hours.

Any questions concerning the matters contained in this Notice may be directed to Collective Counsel (at the address set forth above in Section III of this Notice).  You may also seek the advice and counsel of your own attorney, at your own expense, if you desire.

**Do Not Call or Write the Court to Obtain Copies of Documents
Or To Ask Questions About The Settlement.**

## <u>INSTRUCTIONS REGARDING CLAIM FORM AND RELEASE</u>

YOU MUST <u>COMPLETE</u>, <u>SIGN</u>, AND <u>MAIL (OR FAX OR EMAIL)</u> THIS FORM ("CLAIM FORM") BY FIRST-CLASS U.S. MAIL, POSTAGE PREPAID (OR FACSIMILE OR EMAIL) TO RUST CONSULTING ON OR BEFORE 45 days after mailing date, ADDRESSED AS FOLLOWS, IN ORDER TO SHARE IN THE PAYMENT FROM THE SETTLEMENT.

MAIL OR FAX TO:

RUST CONSULTING
[ADDRESS]
[PHONE]
[FAX]
[EMAIL]

1.    Please complete and sign this Claim Form and Release and mail, e-mail or fax it to the addresses or facsimile number listed above in order to be eligible for payment from the Settlement.

2.    If your address has changed, please provide your new address to the claims administrator who may be reached at the number and address provided above.

## <u>CONSENT TO JOIN, CLAIM FORM AND RELEASE</u>

### *Sarmiento, et. al v. Schear Construction, LLC*
### Case No.: 0:20-cv-61249

TO: THE CLERK OF THE COURT AND TO EACH PARTY AND COUNSEL OF RECORD

1.      By my signature below, I hereby consent to join the above-styled action and designate the collective representative as my agent to make decisions on my behalf concerning the litigation, the settlement of the litigation, the entering of an agreement with Collective Counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I understand that the case has been settled, that the Court has approved the settlement, and that I will receive a payment through the settlement in an amount which was negotiated by the Collective Representative and Collective Counsel.

2.      In consideration of this settlement, I agree to accept a Settlement Payment constituting my pro rata share of the Net Settlement Amount calculated based on my individual hours worked and my individual regular rate of pay, as reflected in Defendant's records. The check(s) will be paid representing unpaid overtime payments and related liquidated damages. I am responsible for the payment of any and all taxes normally borne by an employee, due as a consequence of the payment made pursuant to the Agreement.

3.      I hereby release and discharge Schear Construction, LLC, and each of their former and present predecessors, successors, parents, subsidiaries, franchisors, insurers, and affiliates, whatever their current or former legal names or legal entity status, and each of their respective current and former owners, officers, directors, employees, partners, shareholders, and agents, and any other successors, assigns, or legal representatives ("Released Parties"), from any and all claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising on or before the date for the Court grants approval ("Release Period"), including claims arising out of, based on, or encompassed by facts asserted in the action, arising under the FLSA, the Virgin Islands FLSA, or any similar federal, state, municipal, or local laws, minimum wage claims; and overtime claims. Without limiting the generality of the foregoing, the claim preclusion effect of this Settlement, and the judgment thereon, for res judicata purposes shall be co-extensive with this release of claims (collectively, the "Released Claims").

4.      I agree to submit to the jurisdiction of the U.S. District Court for the Southern District of Florida for purposes of this Lawsuit and enforcement of this settlement. I acknowledge that I am bound by and subject to the terms of any judgment that may be entered in this Lawsuit. I agree to supply additional information to support this proof of claim if I am asked to do so.

**5.      I have submitted no other claim for unpaid wages, including overtime or minimum wage claims, against Schear Construction, LLC.**

7

## CLAIM QUESTIONS:

**(1)   Did you receive any pay for your travel time to or from a worksite during the period of your employment with Schear Construction, LLC between June 26, 2017 to April 14, 2022?**

Answer (Check Yes or No):           ☐ YES

☐ NO

**(2)   Please provide an estimation of the percent of days that you worked for Schear Construction, LLC in which you received pay for travel time?**

Answer: _____%

Signature: _____

Printed Name: _____

Street Address: _____

City, State, Zip: _____

Telephone No.: _____

Email Address: _____

**IF YOU WISH TO BE INCLUDED IN THE SETTLEMENT, YOU MUST RETURN THIS FORM BY** 45 days after mailing date**.**

**SEND ALL DOCUMENTS TO**:

| |
|---|
| RUST CONSULTING<br>[ADDRESS]<br>[PHONE]<br>[FAX]<br>[EMAIL] |

**IMPORTANT:  CLAIMS POSTMARKED AFTER _____, 2022 WILL NOT BE VALID AND WILL NOT RESULT IN PAYMENT OF ANY FUNDS TO YOU**

8