# EXHIBIT B

## <u>WAIVER AND RELEASE AGREEMENT</u>

THIS WAIVER AND RELEASE (the "<u>Release Agreement</u>") is made and entered into by and between Jhon Sarmiento ("Sarmiento") and Schear Construction, LLC (the "<u>Company</u>"). Sarmiento and the Company shall sometimes be referred to collectively herein as the "<u>Parties</u>", with each of Sarmiento and the Company a "Party" to this Agreement.

NOW THEREFORE, intending to be legally bound and in consideration of the mutual promises and agreements contained herein, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.      <u>Consideration to be Provided to Sarmiento.</u>

(a)      In exchange for Sarmiento's commitments and obligations set forth in this Release Agreement, and subject to the terms herein, the Company will cause to be paid to Sarmiento the gross total of Two Thousand Dollars and Zero Cents ($2,000.00) (the "<u>Funds</u>").

(b)      Subject to the terms in this Release Agreement, the Company shall have the Funds delivered to Sarmiento's counsel, Andrew R. Frisch, Esq. at afrisch@forthepeople.com at Morgan & Morgan, P.A., 8151 Peters Road, Suite 4000, Plantation, FL 33324, within 20 days after the date that Sarmiento delivers a signed copy of this Release Agreement to the Company's counsel.

(c)      Sarmiento acknowledges and agrees that the Funds are being paid in consideration for his execution of and obligations under this Release Agreement, and that the Funds constitute an amount to which he would not otherwise be entitled. Sarmiento further acknowledges and agrees that neither the Company nor any of the Released Parties (as that term is defined in Section 2 below) has made any representation to him regarding the tax consequences of any amounts received by him under this Release Agreement.

2.      <u>Waiver and Release.</u>

(a)      In consideration of the Company's agreement to provide Sarmiento with the Funds identified in Section 1(a) of this Release Agreement, Sarmiento hereby irrevocably and unconditionally waives, and he releases and forever discharges the Company (including its direct and indirect owners), the Company's subsidiaries, affiliates, joint ventures, divisions, related entities, successors and assigns, and its and their managers, members, shareholders, directors, officers, employees, representatives, agents, attorneys, insurers, employee benefit plans, trustees, and all others acting in concert with them (collectively, the "<u>Released Parties</u>"), from, all claims, actions, suits, proceedings, grievances, debts, costs, expenses, rights, and causes of action, obligations or other liabilities whatsoever (including attorney's fees and costs), both known and unknown, in law or in equity, of any kind whatsoever that Sarmiento ever had, now has, or could have against any of the Released Parties up through the date of his signing this Agreement except for and excluding any matters addressed by the contemporaneously agreed to settlement of the lawsuit Sarmiento has brought against the Company alleging violations of the Fair Labor Standards Act.

Without limiting the generality of the foregoing, Sarmiento acknowledges and agrees that this waiver and release includes, but is not limited to, any rights under and claims for breach of any express or implied contract, specific performance, unjust enrichment, estoppel, wrongful termination, retaliation, defamation of character, personal injury, intentional or negligent infliction of emotional distress, discrimination or harassment based on race, religion, sex/gender, age, color, handicap and/or disability, national origin, marital status, or any other protected class, and any other claim based on or related to Sarmiento's employment with the Company (other than claims under the Fair Labor Standards Act and for Unpaid Wages) and/or separation therefrom. Sarmiento further acknowledges and agrees that, for the avoidance of any doubt, this waiver and release includes, without limitation, all claims for violations of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Employee Retirement Income Security Act of 1974, the Civil Rights Act of 1991, Section 1981 of the Civil Rights Act of 1866, the Age Discrimination in Employment Act of 1967, the Older Workers Benefits Protection Act, the Rehabilitation Act of 1973, as amended, the Family and Medical Leave Act, the federal False Claims Act (including, without limitation, 31 U.S.C. §§ 3729 and 3730), the National Labor Relations Act of 1935, as amended, Executive Orders 11246 and 11478, the Genetic Information Nondiscrimination Act of 2008, the Sarbanes-Oxley Act of 2002, the Equal Pay Act of 1963, as amended, the Occupational Safety and Health Act, the Consolidated Omnibus Budget Reconciliation Act of 1985, the Fair Credit Reporting Act (including but not limited to 15 U.S.C. § 1681, *et. seq.*), the Uniformed Services Employment and Reemployment Rights Act, the Florida Civil Rights Act, the Florida False Claims Act (Fla. Stat. §§ 68.081, et. seq.), the retaliation prohibitions under the Florida Workers' Compensation Act, as amended (Fla. Stat. § 440.205), private whistleblower retaliation claims under Florida law, Article X/Section 24 of the Florida Constitution, and any other federal, state, or local statute, ordinance, regulation or law, and all amendments thereto, as well as any suit in tort or contract, or any other common law or equitable basis of action, except those which cannot lawfully be waived in this manner. **BY THIS WAIVER, SARMIENTO IS WAIVING AND RELEASING ALL CLAIMS THAT HE EVER HAD, NOW HAS, OR MAY HAVE AGAINST THE COMPANY AND/OR ANY OF THE RELEASED PARTIES.**

(b)     Notwithstanding anything in this Release Agreement to the contrary, the release set forth in Section 2(a) does not and is not intended to release any claims that cannot be released by law.

(c)     Notwithstanding anything in this Release Agreement to the contrary, the release set forth in Section 2(a) does not and is not intended to prevent, restrict, or otherwise interfere with Sarmiento's right to (i) file a charge or complaint with any appropriate federal, state, or local agency or court, (ii) testify, assist, participate in, or cooperate with the investigation of any charge or complaint pending before or being investigated by such agency or court, or (iii) enforce this Release Agreement. If an administrative agency or court assumes jurisdiction over any charge or complaint involving claims that are released by Sarmiento under Section 2(a) of this Release Agreement, Sarmiento hereby agrees to not directly or indirectly accept, recover, or receive any resulting monetary damages or other equitable relief that otherwise could be due, and Sarmiento hereby expressly waives any rights to any such recovery or relief. Sarmiento further acknowledges and understands that he is waiving and releasing his right to recover money in connection with any charge, complaint, or lawsuit against the Company filed by any other individual, group of individuals, or any federal or state agency on his behalf or on behalf of a

group of which he is a member.

(d)     Sarmiento affirms that no claim released by him as a part of this Release Agreement involves any illness, injury, incident, or accident in which medical expenses were, or are expected to be, incurred. Accordingly, Sarmiento affirms that Medicare has no interest in the payment under this Release Agreement.  Sarmiento is expressly waiving any and all benefits under worker's compensation and to reemployment assistance insofar is it relates to the Company, to the greatest extent permissible by law.

3.     **Non-Disparagement.**   Sarmiento agrees and covenants that he will not at any time, directly or indirectly, make, publish (including by way of social media sources), or communicate to any person or entity any disparaging and/or defamatory statement(s) about the Company.

4.     **Confidentiality.** The Parties and their counsel agree to keep strictly confidential and to not disclose the terms, facts, existence of or amount of this Agreement, or the facts underlying this Agreement or the events leading up to it, to any person other than the Parties' accountant(s), income tax preparer or similar professional, attorneys, spouses (as applicable), taxing authorities, a trustee in a bankruptcy proceeding, as compelled by process of law, order of a court, demand of a governmental agency, or as necessary to enforce this Agreement.  To the extent that the Parties or their counsel are required to disclose this information in obtaining professional advice, the Parties shall instruct such professional that this information is to be kept confidential. Otherwise, the Parties may simply disclose that " any disagreements between the Parties have been amicably resolved."

5.     **Independent Agreement.**   Sarmiento understands and agrees that all the terms, conditions, covenants, and obligations contained in this Release Agreement are independent of any other provision in this Release Agreement or any other agreement between the Parties, and the existence of any claim or cause of action by Sarmiento against the Company or any of the Released Parties shall not constitute a defense to Sarmiento' obligations under this Release Agreement or to the enforcement of this Release Agreement against Sarmiento, but shall be determined separately and independently.

6.     **No Admission of Liability.**   Neither this Agreement, nor anything contained in it, shall be construed as an admission by the Company or any of the Released Parties of any liability, wrongdoing, or unlawful conduct whatsoever.

7.     **Attorney's Fees and Costs.**   A Party to this Agreement shall be entitled to an award of its costs and reasonable attorneys' fees expended if it prevails in an action for breach of, and/or to enforce the terms of, this Agreement.

8.     **Governing Law and Venue.**   The validity, construction, and performance of this Agreement shall be governed by the laws of the State of Florida without giving effect to conflict of law principles. Jurisdiction for all actions or proceedings to enforce this Agreement or otherwise related to this Agreement will be exclusively in a court of competent jurisdiction located in Stuart, Martin County, Florida.

9.     **Agreement Not to be Used as Evidence.**  This Release Agreement shall not be admissible as evidence for any reason in any action or proceeding except one in which a Party to this Release Agreement seeks to enforce this Release Agreement or alleges a breach of this Release Agreement, or where one of the Parties is ordered to produce this Release Agreement by a court or administrative agency of competent jurisdiction.

10.     **Modifications.**  This Release Agreement may not be altered, amended, modified, or terminated except by a written instrument executed by the Parties.

11.     **Waiver of Term, Provision or Condition.**   Any waiver of any obligation under this Release Agreement shall be ineffective unless set forth in writing and signed by the Parties and/or their authorized representatives. Additionally, the waiver by any Party of a breach of any provision of this Release Agreement by any other Party shall not operate or be interpreted as a waiver of any later breach of that provision or any other provision of this Release Agreement.

12.     **Original Agreement/Counterparts**.  This Release Agreement may be executed in one or more counterparts, each of which will be considered an original instrument, and all of which together will constitute one and the same instrument.

EACH PARTY HAS HAD A FULL AND COMPLETE OPPORTUNITY TO REVIEW THIS AGREEMENT. EACH PARTY HAS CAREFULLY REVIEWED THIS AGREEMENT AND CONFERRED WITH THAT PARTY'S ATTORNEY ON THIS MATTER. EACH PARTY UNDERSTANDS ALL OF THE PROVISIONS OF THIS AGREEMENT AND THAT THIS AGREEMENT FOREVER DISCHARDES ANY CLAIM ONE PARTY MAY HAVE AGAINST THE OTHER UP TO THE EFFECTIVE DATE OF THIS AGREEMENT. THE PARTIES AFFIRM THAT THEY UNDERSTAND AND FREELY AND VOLUNTARILY ENTER INTO THIS AGREEMENT.

**PURSUANT TO THE AGE DISCRIMINIATION IN EMPLOYMENT ACT AND THE OLDER WORKERS BENEFIT PROTECTION ACT, SARMIENTO AFFIRMS HE WAS GIVEN A PERIOD OF AT LEAST 21 DAYS TO REVIEW THIS AGREEMENT AND/OR IS KNOWINGLY WAIVING THE 21 DAY REVIEW PERIOD.**

[Remainder Of Page Intentionally Blank]

**SARMIENTO HAS SEVEN DAYS TO REVOKE THIS AGREEMENT AFTER SIGNING IT. EMPLOYEE MAY REVOKE THIS AGREEMENT BY PROVIDING WRITTEN NOTICE TO COUNSEL FOR COMPANY, JESSE UNRUH, ESQ. NOTICE OF REVOCATION SHOULD BE SENT VIA CERTIFIED MAIL TO THE BUSINESS ADDRESS OF SPIRE LAW LLC., RETURN RECEIPT REQUESTED.**

JHON SARMIENTO

*Jhon sarmiento (Jun 27, 2022 14:09 EDT)*

(Signature)

Jhon sarmiento

(Print)

Date: Jun 27, 2022

SCHEAR CONSTRUCTION, LLC

*David Gembala*

(Signature)

David Gembala

(Print)

Title: President

Date: 06 / 30 / 2022

Doc ID: 07bb703985b73a957fbfd527c3ef3c427757c595

# 2ND DOCUMENT

Final Audit Report                                                                          2022-06-27

| | |
|---|---|
| Created: | 2022-06-27 |
| By: | Andrew Frisch (jrivera@forthepeople.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAnF7jau7xKn99KmIR89cLJaBFBNbmJLVz |

## "2ND DOCUMENT" History

📄 Document created by Andrew Frisch (jrivera@forthepeople.com)
2022-06-27 - 6:08:32 PM GMT- IP address: 136.226.59.34

📨 Document emailed to jhonalejandros1@gmail.com for signature
2022-06-27 - 6:09:13 PM GMT

📧 Email sent to Andrew Frisch (jrivera@forthepeople.com) bounced and could not be delivered
2022-06-27 - 6:09:16 PM GMT

📄 Email viewed by jhonalejandros1@gmail.com
2022-06-27 - 6:09:20 PM GMT- IP address: 66.249.88.4

🖊 Document e-signed by Jhon sarmiento (jhonalejandros1@gmail.com)
Signature Date: 2022-06-27 - 6:09:42 PM GMT - Time Source: server- IP address: 104.190.185.133

✅ Agreement completed.
2022-06-27 - 6:09:42 PM GMT

**Adobe Acrobat Sign**

Doc ID: 07bb703985b73a957fbfd527c3ef3c427757c595

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Waiver and Release Agreement [Signed by Sarmiento].pdf |
| **FILE NAME** | Waiver%20and%20Re...0Sarmiento%5D.pdf |
| **DOCUMENT ID** | 07bb703985b73a957fbfd527c3ef3c427757c595 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Signed |

This document was requested from app.clio.com

## Document History

**SENT**
**06 / 30 / 2022**
16:55:08 UTC
Sent for signature to David Gembala (dgembala@schearusa.com)
from marcela@spirelawfirm.com
IP: 104.136.81.207

**VIEWED**
**06 / 30 / 2022**
17:02:17 UTC
Viewed by David Gembala (dgembala@schearusa.com)
IP: 107.122.157.136

**SIGNED**
**06 / 30 / 2022**
17:02:52 UTC
Signed by David Gembala (dgembala@schearusa.com)
IP: 107.122.157.136

**COMPLETED**
**06 / 30 / 2022**
17:02:52 UTC
The document has been completed.

Powered by **HELLOSIGN**